Carl W. Hampe (DC Bar # 440475)
Daniel P. Pierce (DC Bar # 988836)
Fragomen, Del Rey, Bernsen & Loewy, LLP
1101 15th St. NW, Suite 700
Washington, DC 20005
Phone (202) 223-5515
Fax (202) 371-2898
champe@fragomen.com
dpierce@fragomen.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Arturo Garcia Rodriguez** | ) | |
| 17110 Simsbrook Drive | ) | |
| Pflugerville, TX 78600 | ) | |
| | ) | |
| **Elidia Hernandez Jaramillo** | ) | |
| 17110 Simsbrook Drive | ) | |
| Pflugerville, TX 78600 | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | Civil No. _____**1:19-cv-2285**_____ |
| | ) | |
| **U.S. Department of State** | ) | |
| 2201 C St. NW | ) | |
| Washington, DC 20520 | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiffs Arturo Garcia Rodriguez and Elidia Hernandez Jaramillo, by and through

undersigned counsel, hereby allege as follows:

1.     This Complaint seeks injunctive and other appropriate relief under the Freedom of

Information Act (FOIA), 5 U.S.C. § 552.  Specifically, Plaintiffs seek to compel the Department

of State (the "State Department" or "Defendant") to comply with its obligations under FOIA to

release agency records relating to their respective immigration matters that Plaintiffs requested and that Defendant has improperly withheld.

## PARTIES

2.      Plaintiffs Arturo Garcia Rodriguez and Elidia Hernandez Jaramillo are citizens of Mexico who reside in Texas.  Plaintiffs are married to each other.

3.      Defendant U.S. Department of State is an executive department bearing responsibility for (i) the administration and enforcement of U.S. immigration laws, (ii) the processing of certain visa requests, including those made by Plaintiffs, and (iii) the maintenance of records relating to, *inter alia*, such visa requests.  Defendant is an "agency" for purposes of 5 U.S.C. § 552(f)(1) and has possession, custody, and/or control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

4.      The Court has both subject matter jurisdiction and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  Subject matter jurisdiction further lies under 28 U.S.C. § 1331 because this Matter presents a question of federal law.

5.      Venue properly lies in this judicial district under 5 U.S.C. § 552(a)(4)(B) because of the nature of this Matter and under 28 U.S.C. § 1391(e) because Defendant is an agency of the federal Executive Branch.

## FACTS

6.      On March 15, 2019, Plaintiffs, through Counsel, each filed a FOIA request with the Department of State seeking documents relating to them, including information in Defendant's database and documents in Defendant's files relating to Plaintiffs' visa requests.  The agency numbers relating to those requests are F-2019-04244 for Plaintiff Arturo Garcia Rodriguez and F-2019-04245 for Plaintiff Elidia Hernandez Jaramillo.

7.      On May 30, 2019 (and well after the statutory 20-day response period had passed), Defendant replied to Plaintiffs' FOIA requests.  Defendant stated that it had located and reviewed 2 documents totaling 13 pages that were relevant to Mr. Garcia's request, and 2 documents totaling 3 pages that were relevant to Ms. Garcia's request.  Defendant, however, did not produce any of the documents, in whole or in part.

8.      Defendant asserted that all of the identified records were State Department visa records and therefore specifically exempted from disclosure by another statute for purposes of the FOIA exemption at 5 U.S.C. § 552(b)(3).

9.      Defendant cited 8 U.S.C. § 1202(f) as the sole statutory basis for its refusal to provide the requested documents and cited *Medina-Hincapie v. Department of State*, 700 F.2d 737 (D.C. Cir. 1983), as supporting its lack of further disclosures.

10.     Defendant further noted that paper records of any non-immigrant visa issued at the time specified in the requests would have been destroyed prior to the date of the requests.

11.     Defendant produced no index or other document that would permit Plaintiffs to evaluate the validity of the claimed FOIA exemption.

12.     On June 7, 2019, Plaintiffs each lodged an internal agency appeal contesting Defendant's overly broad invocation of the FOIA exemption.

13.     On July 8, 2019, Defendant responded to Plaintiffs' internal appeals of its adverse FOIA determinations.  Defendant's substantive response in each appeal stated: "As you were informed by letter dated May 30, 2019, any visa application would have been destroyed prior to your FOIA request.  Therefore the DS-156 is not available in paper, nor electronically."

14.     On July 25, 2019, Defendant sent another letter in response to Plaintiffs' appeals, stating that the Department of State Appeals Review Panel considered the appeals and determined that

"the documents must continue to be withheld in their entirety."  Defendant invoked, again, Exemption (b)(3) and stated that the withheld documents pertained to the issuance or denial of a visa or permit to enter the U.S. and were considered confidential. In response to Plaintiffs' request for a listing of the material being withheld (a "Vaughn index"), Defendant plainly stated that "courts have consistently held that a requester is not entitled to a Vaughn index during the administrative process," yet cited no legal authority to support this claim.

15.     Defendant did not, in either its July 8 nor its July 25 response, address Plaintiffs' arguments that Defendant's invocation of the FOIA exemption was overly broad, nor did Defendant provide any proof that all of the withheld documents are in fact covered by the confidentiality provisions that it invoked.

16.     Defendant has not provided Plaintiffs with an index or document that would permit Plaintiffs to evaluate the validity of the claimed FOIA exemptions, nor has Defendant cited any legal authority supporting its claim that it is not required to do so.

17.     As a result of the foregoing, Defendant has failed to adequately respond to Plaintiffs' FOIA requests.

18.     Plaintiffs have exhausted all available administrative remedies here by filing an appeal through Defendant's internal FOIA appeals process, to no avail.  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990) ("Section 552(a)(6)(A) provides for an administrative appeal where an agency's determination is adverse; judicial review of that determination is available after the agency determination has been upheld in the administrative appeal."); 22 CFR §171.13 (outlining internal State Department appeal process).

19.     Judicial review of Defendant's FOIA decision is now proper.  Defendant's withholding of records under 8 U.S.C. § 1202(f) in the circumstances here is improper.

20.     The statute and caselaw permits Defendant to withhold consular notes and memoranda discussing or justifying a visa denial decision.  On information and belief, however, the documents that Defendant withheld in their entirety or in part do not reflect on such decisionmaking.

21.     Moreover, on information and belief Defendant's "CLASS" database contains information that organizes, summarizes, and disseminates the results of Defendant's decisionmaking to other government agencies.  Such information would also not be shielded from FOIA disclosure on the grounds that Defendant asserted.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION – VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

22.     The allegations contained in the preceding paragraphs are repeated and incorporated as though fully set forth herein.

23.     Defendant is an agency subject to FOIA.  *See* 5 U.S.C. §§ 551(1), 552(f)(1).

24.     Plaintiffs have sought records that are within the possession, custody, and/or control of Defendant for purposes of FOIA, and Defendant has refused to provide all records that it must disclose under FOIA.  *See, e.g.*, 5 U.S.C. § 552(a)(3)(A); *Medina Hincapie v. Dep't of State,* 700 F.2d at 740 ("[U]nless the requested material falls within one of the[] nine statutory exemptions, FOIA requires that records and material in the possession of federal agencies be made available on demand to any member of the general public.") (quoting *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 221 (1978)).

25.     Plaintiffs have exhausted applicable administrative remedies with respect to their requests under FOIA.  *See* 22 CFR §171.13; *Oglesby v. U.S. Dep't of Army,* 920 F.2d at 64.

## SECOND CAUSE OF ACTION – IMPROPER WITHHOLDING OF AGENCY

## RECORDS UNDER FOIA

26.     The allegations contained in the above-entitled paragraphs are repeated and incorporated as though fully set forth herein.

27.     Defendant is an agency subject to FOIA.  *See* 5 U.S.C. §§ 551(1), 552(f)(1).

28.     Plaintiffs have sought records that are within the possession, custody, and/or control of Defendant for purposes of FOIA.

29.     Defendant failed to provide proper access to or copies of records responsive to Plaintiffs' requests in violation of FOIA.  *See* 5 U.S.C. § 552(a)(3).

30.     On information and belief, Defendant has wrongly asserted that numerous records responsive to Plaintiffs' requests are exempt from disclosure under FOIA.

31.     Plaintiffs have exhausted their administrative remedies under FOIA.  *See* 22 CFR §171.13.

## <u>PRAYER FOR RELIEF</u>

Plaintiffs hereby pray for relief as follows:

1.     That the Court order Defendant to produce an index of withheld documents pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974), so that the Court can determine the propriety of Defendant's exemptions;

2.     That the Court order Defendant to disclose all records or portions thereof to which Plaintiffs are entitled under FOIA;

3.     That the Court issue a declaration stating that Plaintiffs are entitled to disclosure of the requested records;

4.     That the Court award Plaintiffs' reasonable attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.     That the Court provide further relief as it deems appropriate, just, and equitable.

DATED July 31, 2019

Respectfully submitted,

/s/ Carl W. Hampe

Carl W. Hampe (DC Bar # 440475)
Daniel P. Pierce (DC Bar # 988836)

Fragomen, Del Rey, Bernsen & Loewy LLP
1101 15th St. NW Suite 700
Washington, DC  20005
Phone  (202) 223-5515
Fax  (202) 371-2898
champe@fragomen.com
dpierce@fragomen.com

*Attorneys for Plaintiffs*